Gbeen, J.
delivered the opinion of the court.
This is an indictment for an assault with intent to rob. The indictment contains two counts. The first count charges an “assault with intent the monies of Collin Roberts, from the person and against the will of the said Collin Roberts, then and there feloniously, wilfully, forcibly and violently, to steal, take and carry away from, and out of the possession of the said Collin Roberts.”
The second count charges that the defendant, upon the said Collin Roberts, “feloniously did make an assault, by then and there besetting the dwelling house of the said Collin Roberts, with sticks, stones, axes and guns, and by battering the walls and doors of the said dwelling house of the said Collin Roberts, he the said Collin Roberts, and his family being then and there in said dwelling house, with intent the monies of the said Collin Roberts, from the person and possession, and against the will of the said Collin Roberts, then and there feloniously, wil-fully and violently, to steal, take and carry away.” The jury found the defendant guilty and that he be imprisoned in the penitentiary two years.
Reasons in arrest of judgment were filed, and upon consideration thereof, the court arrested the judgment, and the attorney general in behalf of the state appealed to this court. This indictment is framed upon the 54th. section of the criminal code. It provides that “whoever shall assault another with *229 intent feloniously and wilfully to commit a robbery, shall undergo confinement in the said jail and penitentiary house, not less than two nor more than six years.”
In the case of Evans vs. The State, (1 Hump. Rep. 394,) this court decided, in an indictment upon the 52nd section, for an assault with intent to murder, that an actual and personal assault must be made upon the party, coupled with a felonious intent, in order to complete the offonces created by the 52, 53 and 54 sections of the law. The besetting the house of another, although an assault in law is not an actual assault upon the person, within the meaning of. the before recited section. We have been requested to review this decision, and it is earnestly argued by the attorney general, that the statute makes no distinction as to the manner or character of the assault, whether actual or constructive, and that any conduct, amounting in law to an assault, will constitute the offence intended to be punished as a felony, coupled with the intent mentioned in the statute.
We have looked into the statute with some care, and feel confirmed in the opinion which was given in Evans’ case. In the 20th section of the statute, robbery is defined to be, ;ithe felonious and forcible talcing from the person of another, goods or monies of any value, by violence or putting the person in fear.” The principal offence consisting in taking, with violence from the person, the assault contemplated, must also be made upon the person.
If the attempt upon the house, as described in the second count of this indictment had succeeded, and it had been broken, and the money taken from thence, it would have been a case of burglary, and not robbery. Although it may be true, that a thief, by putting a.man in fear and compelling him to open his desk, from which he takes money, is guilty of robbery, yet it is clear, that merely entering the house with violence, and taking money therefrom, although the owner be in it, would not be robbery; but, if done in the night time, would be burglary. But it is not made a felony by the statute, to attempt, to commit burglary. The reason must be, because the attempt to commit that of-fence, does not bring the personal safety of the party in jeopar *230 dy, as the attempt to rob does. But if the surrounding and besetting the house with intent to take money from it, may be construed an assault with intent to rob, the distinction would not exist.
We think therefore, that the facts charged in the second count of this indictment, do not constitute the felony created by the 54th section of the penitentiary law, and that it is only a charge of an aggravated assault at common law.
But the first count charges a felony, as created by this statute, which cannot be properly joined with the misdemeanor charged in the second count, and therefore the judgment was properly arrested. 1 Chitty, Cr. L. 255.